STATE OF NORTH CAROLINA v. JERRY BROWN AND ROGER DALE BIRCHFIELD

No. 7430SC345

(Filed 5 June 1974)

**Criminal Law § 118— equal stress to contentions**

In this common law robbery case, the trial court did not fail to give equal stress to the contentions of defendants as compared to those of the State.

APPEAL by defendants from *Thornburg, Judge,* October 1973 Session of Superior Court held in CHEROKEE County.

This is a criminal action wherein the defendants, Jerry Brown and Roger Dale Birchfield, were charged in separate bills of indictment, proper in form, with common law robbery. The defendants entered pleas of not guilty to the charges. The

evidence introduced by the State tended to establish the following:

On 4 September 1973, Wade Anderson (the victim) traveled to Murphy, North Carolina, to attend a cattle sale and remained there until late in the afternoon. Having missed his bus home, Mr. Anderson asked the defendants (and one other person not a party to this action) to give him a ride home; and they said they would. While riding, Mr. Anderson asked the boys if they had any liquor; and they offered him a drink from their bottle. On handing the bottle back to the boys, Anderson noticed a lug wrench in the hand of defendant Brown. Shortly thereafter, defendant Brown hit Anderson with the lug wrench on his hands and on his head; and the defendants removed a wrist watch, knife, cigarette lighter, and two hundred and twenty-five dollars in cash from Anderson's person.

The defendants offered evidence tending to show that on the evening in question the alleged victim was "very drunk" and asked them to drive him to a bootlegger's house so that he could purchase a pint of liquor. After complying with Anderson's request, the defendants then proceeded in the general direction of Anderson's house; however, prior to arriving at Anderson's house, the victim notified them that he wished to get out. Mr. Anderson indicated that his brother lived near the spot where he wished to get out; and the defendants' evidence revealed that Anderson, because of his intoxicated condition,. had a difficult time in getting out of the car. The defendants then drove down the highway for a short distance, turned around at a median crossover strip, and on the way back to town passed by the place where Anderson had been let out. Defendant Birchfield and another occupant of the car both observed that another car had stopped at approximately the same place where they had previously stopped.

The mother of defendant Brown testified that two days after the alleged robbery that she showed a picture of her son to Anderson, and that the latter could not say that the picture depicted the same person who robbed him. She said that Anderson told her that the only way he knew who robbed him was because Mr. Hall, a gas station attendant, had observed Anderson with the boys on the evening of 4 September 1973, and had told Anderson this at a later time.

From a verdict of guilty and judgments that defendant Brown be imprisoned· for not less than six (6) nor more than

eight (8) years and that defendant Birchfield be imprisoned for a term of not less than five (5) nor more than seven (7) years, the defendants appealed.

*Attorney General Robert Morgan by Deputy Attorney General R. Bruce White, Jr., for the State.*

*McKeever, Edwards, Davis & Hays by Herman Edwards for defendant appellants.*

HEDRICK, Judge.

Defendants, by their first assignment of error, contend that the court failed to give equal stress to the contentions of the defendants as compared to those of the State. A careful review of the charge leads us to the conclusion that there is no merit in this assignment of error. *State v. Adams,* 245 N.C. 344, 95 S.E. 2d 902 (1956).

Defendants also request that we review the record to determine whether error appears upon the face thereof. Accordingly, we have examined the face of the record and find that the defendants were charged in proper bills of indictment, the verdicts were proper, and the sentences were within the limits prescribed by statute.

The defendants were afforded a fair trial, free from prejudicial error.

No error.

Judges BRITT and CARSON concur.